[Civ. No. 1385.   First Appellate District.—November 7, 1914.]

## STATE SAVINGS AND COMMERCIAL BANK (a Corporation), Appellant, v. ELISABETH F. WINCHESTER et al., Respondents.

FORECLOSURE OF MORTGAGE—LOAN TO CORPORATION BY BANK—FRAUD ON CORPORATION—ESTOPPEL.—Where the president and general manager of a corporation made application to a bank upon behalf of the corporation for a credit loan of fifteen thousand dollars, which application was approved, and the credit given the corporation upon the books of the bank, for which three notes were executed in different sums to the bank by the manager of the corporation in the name of the company; thereafter the notes were taken up with a renewal note of the company, which renewal note was indorsed by the manager and other directors of the corporation, and after the sum of three thousand five hundred dollars had been paid and indorsed on the note, one of the indorsers, having sold his interest in the corporation, was released by the bank, in consideration of the execution of the mortgage in question by respondent as security for the payment of the indebtedness due upon the renewal note, and a second renewal note was thereupon executed in the sum of eleven thousand five hundred dollars, upon which the name of the respondent replaced that of the released indorser; and the trial court found that the manager of the corporation was without authority to execute the first renewal note, that the company never received any benefit from the moneys obtained upon the note and that the same was procured to be signed by fraud and through false and fraudulent representations, the basis for this finding being that prior to the execution of the original notes, the manager of the cor-

poration, the secretary of the bank, and others had entered into an agreement to secure control of the bank by purchasing a certain amount of its capital stock; that the loan was used by the manager of the corporation for the purpose of purchasing a controlling interest in the bank and not for the use and benefit of the company; that in order to conceal and cover up this phase of the transaction the manager represented to the corporation that it was necessary to borrow fifteen thousand dollars from the bank, to be used in the business of the company, that he could secure such a loan from the bank if a resolution were passed authorizing the same, which resolution was duly passed, but made no reference to past loans by the bank to the company; and it being further found that all subsequent notes made by the company to the bank, including the note and mortgage in suit and the indorsements and guaranties thereon, were made *without any knowledge on the part of the makers thereof* of the original transaction and were made in the belief that the money borrowed, guaranteed, and secured had been procured under the resolution mentioned, that in fact no loans were made by the bank under said resolution and that the only money the bank parted with was the sum *originally advanced*—under the circumstances the knowledge of the transaction gained by the secretary of the bank being imputable to the bank, the latter is estopped from claiming that the loan was made in the regular course of business, and the evidence sustained the findings and the judgment in favor of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

F. A. Cutler, and F. R. Sweasey, for Appellant.

E. A. Bridgford, for Respondents.

LENNON, P. J.—This is an appeal from a judgment and from an order denying a new trial. The action was one to foreclose a mortgage executed by defendant and respondent, Elisabeth F. Winchester, as security for the payment of a promissory note in the sum of eleven thousand five hundred dollars, made by the Main-Winchester-Stone Company, as maker, and the respondent as indorser and guarantor. The execution of both the note and mortgage was an admitted fact in the case; but as a defense to the foreclosure proceedings, it was alleged that the note and mortgage were executed

without consideration to either the respondent, Elisabeth F. Winchester, or to the Main-Winchester-Stone Company, and that the same were both obtained by false and fraudulent representations.

The facts leading up to the transaction in suit, and out of which the claim of fraud arises, are in substance as follows:

On December 13, 1906, A. G. Stoll, the then president and general manager of the Main-Winchester-Stone Company, made application to the appellant bank upon behalf of said company for a credit loan of fifteen thousand dollars. The application for the loan was approved; and a credit was thereupon given to the Main-Winchester-Stone Company upon the books of the bank in the sum mentioned, for which three notes were executed in different sums to the bank by Stoll in the name of the company. Thereafter, these notes were taken up with a renewal note of said company for fifteen thousand dollars, which renewal note was indorsed by A. G. Stoll, R. P. Grubb, a Mr. Richardson, and Frank Winchester, all directors of the Main-Winchester-Stone Company. After the sum of three thousand five hundred dollars had been paid and indorsed thereon, Richardson, having sold his stock in the Main-Winchester-Stone Company, desired to be released as an indorser of said renewal note. The bank thereafter released him, in consideration of the giving by respondent, Elisabeth F. Winchester, of the mortgage in question, as security for the payment of the indebtedness due upon the renewal note. A second renewal note was thereupon executed in the sum of eleven thousand five hundred dollars, upon which the name of Elisabth F. Winchester replaced that of Richardson as indorser, and at the same time and as a part of the same transaction, the mortgage in question was executed as security therefor. The indorsement of the second renewal note and the execution of the mortgage by respondent were in lieu of the prior indorsement of Richardson.

The trial court found that Stoll as the president and general manager of the Main-Winchester-Stone Company was without authority to execute the first renewal note in controversy, that said company never received any benefit from the money obtained upon the note, and that the same was procured to be signed by fraud and through false and fraudulent representations. In support of and as a basis for this

finding, the trial court also found that prior to the execution of the original notes involved in the transaction, A. G. Stoll, C. P. Hagg, who was the then secretary of the appellant bank, and other persons, had entered into an agreement to secure control of the appellant bank by purchasing a certain amount of its capital stock; that the loan procured by Stoll, to and in the name of the Main-Winchester-Stone Company, from the appellant bank, was procured and used by him for the purpose of purchasing a controlling interest in the appellant bank and not for the use and benefit of said company; that, in order to conceal and cover up this phase of the transaction, Stoll, on January 15, 1907, represented to the Main-Winchester-Stone Company that it was necessary to borrow fifteen thousand dollars from the appellant bank, to be used in the business of the company; that he could secure such a loan from the appellant bank if a resolution were passed authorizing the same; that such resolution was duly passed authorizing a loan from the appellant bank not to exceed fifteen thousand dollars; and that such resolution made no reference to past loans made by appellant bank to the Main-Winchester-Stone Company.

It was further found that all subsequent notes made by said Main-Winchester-Stone Company to appellant bank, including the note and mortgage in suit and the indorsements and guarantees thereon, were made without any knowledge on the part of the makers thereof, of the transaction of December, 1906; but that such notes, indorsements, guarantees, and mortgage were made in the belief that the money borrowed, guaranteed, and secured had been procured by Stoll under the resolution of January 15, 1907; that, in fact, no loans were made by appellant bank under said resolution, and that the only money appellant bank parted with was the sum advanced in December, 1906,   Upon these facts judgment went for defendant.

It is conceded by appellant that a corporation can act only through its board of directors, and that the public generally act at their peril with one purporting to represent such corporation without evidence of his being authorized by the governing board of such corporation.   It is insisted, however, that the evidence shows that the Main-Winchester-Stone Company so conducted itself as to be estopped from denying that

Stoll had authority to make the loan for want of the proper resolution.

On the other hand, it is the contention of the defense that the money obtained from the appellant bank by Stoll and claimed to have been wrongfully diverted from the use of the Main-Winchester-Stone Company was advanced by the bank for the individual use of one of the directors of the company with the knowledge of the bank.

The trial court adopted the view that, inasmuch as Hagg was secretary of the appellant bank, any knowledge gained by him in the transaction with Stoll was imputable to the bank. In this behalf, as previously stated in substance, the trial court found that arrangements were made between Hagg, the secretary of the appellant bank, and Stoll and others prior to the loan of December, 1906, to get control of the bank; but Stoll was without the necessary funds to pay for his proportion of the stock; that in the making of the application and obtaining of the loan, he dealt only with Hagg and never saw or dealt with any other officer of the bank, in connection with the transaction; that shortly after the loan was made, a majority of the stock of appellant bank was transferred to Stoll, Hagg, and others; and that they were immediately installed as directors of the bank.

There is evidence, in our opinion, to support this finding, and this finding in turn supports the conclusion and judgment of the trial court to the effect that the appellant bank was estopped from claiming that the loan in controversy was made in the regular course of business. (5 Cyc. p. 460.)

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.